**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GURVINDER SINGH,

      Petitioner,

v.                                                                                          No. 2:26-cv-00167-MLG-KK

MARKWAYNE MULLIN,[1] Secretary, U.S.
Department of Homeland Security; PAMELA
BONDI, U.S. Attorney General; HECTOR RIOS,
Warden of Otero County Processing Center; TODD
LYONS, Acting Director, Immigration and Customs
Enforcement and Removal Operations; MARY DE
ANDA-YBARRA, Regional Director, Field Office
Director of Enforcement and Removal Operations,
Immigration and Customs Enforcement,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING AS
MOOT EMERGENCY MOTION FOR PRELIMINARY INJUNCTION,
AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**

Gurvinder Singh filed both a Petition for Writ of Habeas Corpus ("Petition"), Doc. 2, and

an Emergency Motion for Preliminary Injunction ("Motion for Preliminary Injunction"),[2] Doc. 3,

on January 27, 2026.[3] Singh, an Indian citizen, entered the United States without inspection in

2018. Doc. 6 at 6, 14 ¶¶ 15, 45, 47. He was arrested by U.S. Immigration and Customs Enforcement

("ICE") later that year and charged with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for

being a noncitizen present in the United States without being admitted or paroled. Doc. 6 at 14 ¶

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil
Procedure 25(d).

[2] Singh stated that he was "submitting a Habeas petition for same, on the same grounds[.]"

[3] Singh filed an amended version of his Petition ("Amended Petition"), Doc. 6, on January 29,
2026.

1

48. He was released on his own recognizance[4] pursuant to § 1226(a)(2)(B)[5] and pending any future removal proceedings. *See* Doc. 6 at 14 ¶ 49 (documenting his receipt of work authorization, as well). He filed an application for asylum that was denied by an immigration judge ("IJ") on February 16, 2023, and timely appealed that decision to the Board of Immigration Appeals ("BIA"). *Id.* ¶ 50. That appeal remains pending. *Id.* On September 3, 2025, Singh was arrested and detained by federal law enforcement officers. *Id.* at 15 ¶ 51. He is being held at the Otero Processing Center in Chaparral, New Mexico, subject to final adjudication of his removal proceedings before the U.S. Immigration Court. *Id.* ¶ 53. The Court has not been appraised of any facts that suggest Singh possesses any criminal history. *Id.*[6]

Singh filed his Petition requesting the following relief from the Court:

a. Assume jurisdiction over this matter;
b. Set this matter for expedited consideration;
c. Declare that no statute or regulation prohibits an immigration judge from holding a custody redetermination hearing for Petitioner, and that Petitioner is properly detained, if at all, under 8 U.S.C. 1226(a);

---

[4] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[5] Respondents offer no documentary evidence that Singh was released in 2018 pursuant to § 1182(d)(5)(A)—the only exception to § 1225 mandatory detention. *See generally* Doc. 9; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) ("Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather[,] a form of 'conditional parole' from detention, authorized under § 1226."); *Goorakani v. Lyons*, Nos. 25-cv-9456, 25-cv-9551, 25-cv-9592, 25-cv-9952, 2025 WL 3632896, at *7 n.8 (S.D.N.Y. Dec. 15, 2025) (finding a petitioner's release on recognizance was pursuant to § 1226 despite the lack of documentary evidence provided by the Government).

[6] This paragraph summarizes the facts of the case as presented by Singh in his Amended Petition for Writ of Habeas Corpus, Doc. 6. Respondents do not contest Singh's accounting. *See* Doc. 9. Therefore, the Court takes judicial notice of these facts for purposes of this Order. *See* Fed. R. Evid. 201.

d.  Issue a Writ of Habeas Corpus and conduct a bond hearing within 15 days, or order Petitioner's release within 15 days unless Respondents provide him with a bond hearing before an immigration judge;

e.  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

f.  Grant any other and further relief that this Court deems just and proper.

*Id.* at 17. The Court entered an Order for Service, to Show Cause, and Enjoining Transfer Outside the District, Doc. 7, on February 2, 2026, requiring that the United States Attorney's Office for the District of New Mexico ("USAO") respond to the Amended Petition and Motion for Preliminary Injunction within ten business days and show cause as to why the requested relief should not be granted. *Id.* at 2. The USAO filed an "abbreviated response in lieu of a formal responsive memorandum of law" on February 17, 2026, incorporating by reference their legal arguments as presented before this Court in *Cortez-Gonzales v. Noem*: that Singh "is subject to mandatory detention under § 1225(b)[] because he was present in the United States without being admitted or paroled." Doc. 9 (citing Response to Petitioner's Writ of Habeas Corpus, *Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287 (D.N.M. 2025) (No. 2:25-cv-00985-MLG-KK)). Singh did not file a reply.

Singh now files a Motion for Temporary Restraining Order ("Motion for TRO"), Doc. 11, "on the same grounds" as his Petition. He asks the Court to "enjoin[] Respondents from continuing to detain Petitioner, or order[] a bond hearing before an immigration judge" and "enjoin[] Respondents from removing him from the U.S. to any third country to which he does not have a removal order without first providing him with constitutionally-compliant procedures." *Id.* at 2. The Government has not responded to Singh's Motion for TRO.

The dispositive question before the Court is whether Singh is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[7] or whether he is subject to the mandatory detention provisions provided for in § 1225(b)(2).[8] *See* Doc. 6 at 7, 10-14 ¶¶ 25, 34-44; Doc. 9 at 1-2. This Court has been presented with this same issue under similar factual circumstances, and, as in those cases, the Court finds § 1226(a) governs[9] Singh's detention.[10] *See Cortez-Gonzales*, 811 F. Supp. 3d at 1295-97; *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *3-4 (D.N.M. Dec. 17, 2025). The Court's application of § 1226(a) comports with nearly every other court in this district and across the country that has addressed the matter. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1240  (D.N.M. 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025

---

[7] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[8] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[9] This finding is further bolstered by Singh having been granted conditional bond. As discussed, the only exception to § 1225(b) and its mandatory-detention requirements is a grant of humanitarian or public benefit parole under § 1182(d)(5)(A). Therefore, if Singh was granted conditional bond, and it was not under § 1182(d)(5)(4), it necessarily must have been pursuant to § 1226(a). *See supra* note 5 and accompanying text.

[10] "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Singh is entitled—as a right—to an individualized bond hearing. *See Salazar*, 806 F. Supp. 3d at 1241. Singh's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the Immigration and Nationality Act ("INA") and his right to due process under the Fifth Amendment of the U.S. Constitution. *See Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1320-22 (W.D. Wash. 2025).

4

WL 3187432 (D.N.M. Nov. 14, 2025); *see also Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & n.22 (S.D.N.Y. 2025) (collecting 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" rejecting the position that all noncitizens—even those whom have been residing in the United States for years—must be detained until their removal proceedings).

Given the preceding, the Court grants Singh's Petition, ordering Respondents to provide Singh with an individualized bond hearing[11] pursuant to § 1226(a) within fifteen (15) days of the date of this Order. *See* Doc. 6 at 17. At the bond hearing, Respondents shall bear the burden of justifying Singh's continued detention by clear and convincing evidence.[12]

Respondents are further ordered to file a status report within twenty (20) days of this Order to certify compliance. The status report shall include when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial. If Singh has not received a lawful bond hearing within fifteen days, the Court orders that he be immediately released.

---

[11] It appears to be a possibility that Singh may be entitled to immediate release without a bond hearing. According to his Amended Petition, he was released by federal immigration authorities on his own recognizance after ICE determined that he was neither a danger nor a flight risk. *See* Doc. 6 at 14 ¶ 49. Singh asserts that he has no criminal record and that he was not provided with a pre-deprivation hearing prior to being re-detained in September 2025. *Id.* at 15 ¶¶ 51, 53. If this is true, his current detention may be a violation of his due process rights, and immediate release may be warranted. *See, e.g.*, *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2-5 (D.N.M. Mar. 4, 2026). The Court cannot grant immediate release, however, as Singh does not raise these arguments (or even ask for immediate release) in his Petition. *See* Doc. 6.

[12] The burden at a bond hearing is normally on the noncitizen to demonstrate detention is unwarranted. *Salazar*, 806 F. Supp. 3d at 1242-43 (first citing 8 C.F.R. § 236.1(c)(8); then citing *Matter of Adeniji*, 22 I.&N. Dec. 1102, 1116 (BIA 1999)). Given the ongoing violation of Singh's due process rights, however, this Court agrees with the other courts in this district who have addressed similar cases and found that the burden at the individualized bond hearing has shifted to Respondents. *Pu Sacvin*, 2025 WL 3187432, at *3 (joining "most other district courts in concluding that a noncitizen's 'strong private interest in being free from civil detention' outweighs the Government's comparatively minimal burden to justify custody" (quoting *Salazar*, 806 F. Supp. 3d at 1242)).

Because Singh's Petition has been granted, his Motion for Preliminary Injunction, Doc. 3, and Motion for TRO, Doc. 11, are both denied as moot.[13]

Lastly, Singh's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, shall be considered. *See* Doc. 6 at 17; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Singh must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.[14]

It is so ordered.

---

[13] Singh's Motion for Preliminary Injunction and Motion for TRO both ask for the same relief as the Petition: an individualized bond hearing pursuant to § 1226(a). To the extent that the Motion for TRO separately asks the Court to "enjoin[] Respondents from removing Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally-compliant procedures," the Court denies review because this issue is unripe. *Compare Trump v. New York*, 592 U.S. 125, 131 (2020) (declining to review issues "riddled with contingencies and speculation" that rely on "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998))) *with* Doc. 6 and Doc. 11 (failing to allege the existence of a final order of removal at this time).

[14] The Court intends to enter a final judgment following receipt of Respondents' status report regarding the bond hearing pursuant to § 1226(a).

_____

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA